UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| ED PUISSANT, KIMBERLY KAY MARTENS and ESTATE OF CHRISTINE KURCZEWSKI, | § § § § § | |
| Defendants. | § | |

## INTERPLEADER COMPLAINT

Plaintiff, The Prudential Insurance Company of America ("Prudential"), an insurance company organized under the laws of the State of New Jersey, with its principal place of business therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader says:

## THE PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2. Defendant, Ed Puissant ("Ed"), is an adult individual who is domiciled in Texas and resides in Livingston, Texas. Upon information and belief, Ed is the spouse of the Christine Frances Puissant formerly known as Christine Kurczewski ("Christine") and is named in this action as the heir of Christine's Estate, a presumptive executor and putative beneficiary of the life insurance proceeds at issue in this action.

3. Defendant, Kimberly Kay Martens formerly known as Kimberly Kay Kurczewski ("Kimberly"), is an adult individual who is domiciled in Oregon and resides in Salem, Oregon. Upon information and belief, Kimberly is the former spouse of John Robert Kurczewski, deceased

(the "Insured") and is named in this action as a putative beneficiary of the life insurance proceeds at issue.

4. Defendant, the Estate of Christine Kurczewski ("Christine's Estate"), is a putative beneficiary of the life insurance proceeds at issue in this action. Christine' will was admitted to probate as a muniment of title in Polk County, Texas but no personal representative has been appointed and no letters of testamentary to an executor were issued since it a muniment of title probate action.

## JURISDICTION

5. This Court has original jurisdiction over this matter pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, because the group life insurance policy at issue is subject to ERISA. 29 U.S.C. §§ 1132 (a)(3), 1132(e)(1).

6. This Court also has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1335, because the amount in controversy is greater than $500.00, and there is diversity of citizenship between two or more of the defendants.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because it is the judicial district in which one or more of the defendants/claimants reside.

## FACTS SUPPORTING INTERPLEADER

8. Prudential issued a group life insurance policy to Chicago Bridge and Iron Company ("Contract Holder"), bearing Group Policy No. G-52724 (the "Group Policy"). Attached hereto as Exhibit A is a true and correct copy of the applicable Booklet for the Group Policy.

4853-1019-4362.1

9. At all relevant times, the Insured was covered for a total death benefit in the amount of $267,000.00 (the "Death Benefit") consisting of basic life insurance in the amount of $67,000.00 and optional life insurance in the amount of $200,000.00.

10. On or about October 15, 2017, the Insured died in the State of Louisiana. Attached hereto as Exhibit B is a true and correct copy of the Insured's Death Certificate as provided to Prudential.

11. As a result of the Insured's death, the Death Benefit became due.

12. The designation on record at the time of death, as provided by the Contract Holder, designates Christine as the sole primary beneficiary of the Group Policy. Attached hereto as Exhibit C is a true and accurate copy of the Beneficiary Designation Employee Summary as provided to Prudential from the Contract Holder.

13. In December 2017, Kimberly contacted Prudential and made a claim to the Death Benefit based on domestic relations orders pertaining to Kimberly's divorce from the Insured.

14. On or about December 22, 2017, Kimberly provided Prudential with excerpts of a Corrected General Judgment (Dissolution of Marriage) and Supplemental Judgment (Modification). Attached hereto as Exhibit D is a true and correct copy of a December 22, 2018 facsimile sheet and its enclosures.

15. On or about December 28, 2019, Prudential advised Kimberly that because the divorce decree did not specify the insurance policy from which the Insured's obligation was to be satisfied from the proceeds of the Group Policy, it could not move forward with payment to Kimberly.

16. On February 18, 2018, Prudential sent a letter to Kimberly's counsel and advised her that she was not the beneficiary and that, as the matter is governed by ERISA, in order to

deviate from a valid beneficiary designation a court-approved Qualified Domestic Relations Order ("QDRO") is required. Prudential further advised that the divorce decrees did not fulfill the criteria for a valid QDRO. Attached hereto as Exhibit E is a true and correct copy of the February 18, 2019 letter.

17. On or about March 25, 2018, Prudential received a completed Group Life Insurance Beneficiary Statement, executed by Christine, making a claim to the Death Benefit. Attached hereto as Exhibit F is a true and accurate copy of a Group Life Insurance Beneficiary Statement form submitted to Prudential by Christine.

18. On or about April 24, 2018, Prudential received an Order from the Circuit Court for the State of Oregon for the County of Polk in a matter styled *In the Matter of the Marriage of John Robert Kurczewski, Petitioner and Kimberly Kay Martens, Respondent*, Case No. 10P2526, whereby Prudential was ordered to "not release proceeds from any life insurance insuring the life of John R. Kurczewski without first obtaining court approval or Respondent's written consent." Attached hereto as Exhibit G is a true and copy of the Order from Circuit Court for the State of Oregon for the County of Polk, as provided to Prudential.

19. Subsequently, Christine died on January 1, 2019 in Texas.

20. On or about March 10, 2020, the Circuit Court for the State of Oregon for the County of Polk dissolved the Temporary Restraints against Prudential for the purpose of filing this Interpleader Complaint. Attached hereto as Exhibit H is a true and correct copy of Supplemental Judgmental dissolving the Temporary Restraining Order and allowing the filing of this Interpleader Complaint.

4853-1019-4362.1

21. Due to the competing claims made by or available to the Estate of Christine and Kimberly, and the prior Temporary Restraining Order from the Court Circuit Court for the State of Oregon for the County of Polk, Prudential has not yet made payment of the Death Benefit.

## THE APPROPRIATENESS OF INTERPLEADER

22. Prudential claims no title to or interest in the Death Benefit payable under the Group Policy on account of the death of the Insured and is ready and willing to pay the Death Benefit to the person(s) entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the competing claims made by or available to Defendants.

23. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting and/or potentially conflicting claims and multiple litigation as to the Death Benefit on the part of Defendants.

24. Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefit under the Group Policy payable upon the death of the Insured.  Prudential is ready, willing, and hereby offers to deposit the Death Benefit, together with applicable claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

    a. Directing Prudential to deposit the Death Benefit, together with applicable claim interest, if any, into this Court;

    b. Directing Ed to initiate probate proceedings for the appointment of an executor/administrator of Christine's Estate.

    c. Directing the Defendants to interplead their rights to such sum;

    d. Restraining the Defendants, and each of them, from instituting any action against Prudential to recover the Death Benefit;

4853-1019-4362.1

  e. Discharging Prudential from all liability to the defendants arising out of the matters herein set forth upon payment of the Death Benefit, together with claim interest, if any, into this Court;

  f. Entry of an Order awarding Prudential payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

  g. Such other relief as is deemed just and proper.

Dated: April 23, 2020

            Respectfully submitted,

            By: */s/Gayla C. Crain*
              Gayla C. Crain
              Of Counsel
              gcrain@grayreed.com
              Texas Bar No. 04991700

            GRAY REED & MCGRAW, LLP
            1601 Elm Street, Suite 4600
            Dallas, Texas 75201
            Telephone: (214) 954-4135
            Facsimile: (214) 953-1332

            ***Attorney for Plaintiff, The Prudential Insurance Company of America***

4853-1019-4362.1